UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS DALTON,<br><br>Defendant. | Case No. 1:26-cr-00048-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Douglas Dalton's motion for the disclosure of the Presentence Investigation Report of Michael Smith, defendant in case 1:25-cr-00277-BLW, so that Dalton's counsel can prepare for sentencing argument. Dkt. 20 (sealed). The government does not oppose the motion. There is no indication that Smith has been made aware of this motion. Even so, the Court will grant the motion for the reasons stated below.

### BACKGROUND

On March 2, 2026, Douglas Dalton pleaded guilty to securities fraud, in violation of 15 U.S.C. § 78j(b) and 78ff(a), as well as 17 C.F.R. § 240.19b-5. Dkt. 3. The allegations against Dalton were that Dalton purchased call options of Company 1, a publicly-traded company, weeks before Company 1 announced that

MEMORANDUM DECISION AND ORDER – 1

it would be acquired by another company. Dkt. 7 at ¶¶ 5-8. Dalton purchased those call options after he received material nonpublic information about the impending acquisition from Michael Smith, a senior executive of Company 1 and close friend of Dalton. *Id*. Within approximately two weeks of the public announcement of the acquisition, Dalton sold the call options and realized a profit of approximately $96,515.44.

Michael Smtih was also charged with, and pleaded guilty to, securities fraud, in violation of the same statutes and regulations. Dkts. 13, 14 (1:25-cr-00277-BLW) ("Smith Dkt."). Smith was accused of, while in possession of material nonpublic information about the imminent acquisition of Company 1 and in a trading blackout period, going to an individual's residence and purchasing shares of Company 1for that individual, through that individual's brokerage accounts. Smith Dkt. 14 at ¶¶ 6-8. After the public announcement of the acquisition, Smith returned to that individual's residence and sold the stock, netting a gain of $145,754.69 for the individual. *Id*. at ¶¶ 9-12.

On June 9, 2026, The Court sentenced Smith to a term of imprisonment for one (1) month, followed by a term of supervised release lasting one (1) year. Smith Dkt. 41. Dalton is set to be sentenced August 19, 2026. Dkt. 18. Dalton now moves for the release of Smith's presentence report to him. Dkt. 20 (sealed).

**MEMORANDUM DECISION AND ORDER – 2**

## LEGAL STANDARD

Because presentence reports "are court records, the disclosure of which to third parties is not expressly provided for by statute, control of these documents rests within the discretion of the district court." *U.S. v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988).

While courts have been reluctant to give third parties access to presentence reports, courts have found that disclosure to a third party is appropriate if "necessary to serve the ends of justice." *Berry v. Dep't of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984) A third party who asks the Court to disclose an individual's presentence report must make some threshold showing that disclosure would serve the ends of justice. *Schlette*, 842 F.2d at 1581. If a threshold showing is made, the Court must then balance the need for disclosure against the reasons for confidentiality. *Id*.

## ANALYSIS

### A.   Disclosure of Smith's Presentence Report Would Serve the Ends of Justice

Applying the guidelines articulated in *Schlette*, Dalton has made a threshold showing that disclosure of Smith's presentence report would serve the ends of justice. The charges that Dalton and Smith pleaded guilty to are violations of the same statutes, 15 U.S.C. §§ 78j(b) and 78ff(a). Although the particular facts in each case are different, these charges ultimately stem from the same occurrence—

Smith's dissemination of insider information to others. The information that Dalton used to commit securities fraud was provided to him by Smith.

Counsel for Dalton argues that she cannot make an effective sentencing argument regarding a potential sentencing disparity between Dalton and Smith without Smith's presentence report. Counsel further argues that the presentence report is the only source of information regarding offense level calculations, acceptance of responsibility, and any cooperation agreements.

Here, balancing the need for disclosure against the reasons for confidentiality weighs in favor of disclosure. As an initial point, "[t]he Ninth Circuit has rejected the general policy reasons for preserving the confidentiality of presentence reports." *U.S. v. Villa*, 701 F. Supp. 760, 761 (D. Nevada 1988). Specifically, in *Schlette*, the Ninth Circuit emphatically reiterated its rejection of confidentiality predicated on the "free flow of information" rationale—that confidentiality is necessary to protect the court's ability to obtain information of a quality sufficient for the sentencing process. *Schlette*, 842 F.2d at 1579-80; *see also Berry*, 733 F.2d at 1355.

Additionally, as discussed above, while Dalton and Smith are not co-defendants, their cases are intertwined. Dalton would inherently have some level of knowledge about Smith's case, given that Smith was the one who provided Dalton with insider information. Additionally, both Dalton's and Smith's respective

**MEMORANDUM DECISION AND ORDER – 4**

presentence reports already contain detailed descriptions of the other's criminal acts.

## B.    *In Camera* Review

Dalton also requested that, in the alterative of disclosing the report, the Court conduct an *in camera* review to examine the report and disclose the portions necessary to serve the ends of justice. Given that this motion is brought before the Court without any indication as to whether or not Smith is aware of this request, the Court chooses to conduct an *in camera* review to safeguard any sensitive information.

*Schlette*, citing a previous version of Fed. R. Crim. P. 32, remanded the case to the district court in order to make redactions concerning "diagnostic opinions, which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." *Schlette*, 842 F.2d at 1577-78, 1585.

Accordingly, the Court will order the U.S. Probation Office to make redactions detailed here. The U.S. Probation Office is to redact the identification numbers within the "Identifying Data" section. The Court further orders the redactions of paragraphs 44 through 48, inclusive, paragraph 55 from the fourth sentence

**MEMORANDUM DECISION AND ORDER – 5**

onwards, and paragraphs 59 and 61, as well as any accompanying tables or ledgers, contained in "Part C: Offender Characteristics."

## ORDER

**IT IS ORDERED that:**

1.      Defendant's Motion to Release Co-Defendant's Presentence Investigation Report (Dkt. 20) (sealed) is **GRANTED**. The U.S. Probation Office, after complying with the ordered redaction is directed to disclose Michael Smith's Presentence Investigation Report (Dkt. 34, 1:25-cr-00277-BLW) (sealed) to counsel for Defendant.

2.      The U.S. Probation Office shall make the redactions specified in this Memorandum Decision and Order before disclosing Michael Smith's Presentence Investigation Report.

3.      Defendant is ordered to maintain the confidentiality of Michael Smith's Presentence Investigation Report and may not provide, transmit, or disseminate copies to anyone other than his counsel. Defendant is further ordered that the Report can only be used for the purposes described in his motion.

MEMORANDUM DECISION AND ORDER – 6



DATED: July 29, 2026

B. Lynn Winmill
U.S. District Court Judge